Connecticut N.Y. Light. Co. v Manos Bus. Mgt. Co., Inc. (2019 NY Slip Op 02497)





Connecticut N.Y. Light. Co. v Manos Bus. Mgt. Co., Inc.


2019 NY Slip Op 02497


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-13054
 (Index No. 59101/14)

[*1]Connecticut New York Lighting Company, respondent, 
v
Manos Business Management Company, Inc., etc., et al., appellants.


Vlock & Associates, P.C., New York, NY (Steven P. Giordano of counsel), for appellants.
Bleakley Platt & Schmidt, LLP, White Plains, NY (Justin M. Gardner, Casey E. Delaney, and John McGowan of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated November 16, 2016. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the sixth cause of action and the demand for punitive damages, and the seventh cause of action insofar as asserted against the defendant Theodore S. Malgarinos.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the demand for punitive damages, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff commenced this action, inter alia, seeking damages for breach of contract, alleging that it hired the defendant Manos Business Management Company, Inc. (hereinafter MBM), as its employee payroll services provider. The complaint averred that instead of remitting all the sums MBM collected from the plaintiff for social security, Medicare, unemployment, and income tax withholding to the federal and state taxing authorities, MBM and its alleged principals, the defendants Stefan Malgarinos and Theodore S. Malgarinos (hereinafter collectively the defendants), misappropriated some of those funds to itself. The defendants moved, inter alia, for summary judgment dismissing the sixth cause of action, which alleged conversion, the demand for punitive damages, and so much of the seventh cause of action as sought to hold Theodore S. Malgarinos personally liable. In the order appealed from, the Supreme Court denied those branches of the defendants' motion. We modify.
The defendants contend that the Supreme Court should have awarded them summary judgment dismissing the conversion cause of action, because it is duplicative of the breach of contract cause of action. While a cause of action alleging conversion cannot be predicated upon a mere breach of contract, the contracting party may also be held liable in tort where the conduct which constitutes a breach of contract also constitutes a breach of a duty distinct from, or independent of, the breach of contract (see Sommer v Federal Signal Corp., 79 NY2d 540, 551; North Shore Bottling Co. v Schmidt & Sons, 22 NY2d 171, 179; Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp., 64 AD3d 85, 113).
Here, the complaint alleges a bailment relationship between the parties, whereby the plaintiff deposited funds with MBM as bailee, with specific directions as to their use, and that relationship created a legal duty of care on MBM's part, which was independent of its contractual obligations to the plaintiff (see Sommer v Federal Signal Corp., 79 NY2d at 551-552; 9 NY Jur 2d Bailments and Chattel Leases §§ 1, 2). Since the causes of action alleging breach of contract and conversion each rest on a separate duty owed by the defendants to the plaintiff, they are not duplicative (see Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp., 64 AD3d at 113). Accordingly, we agree with the Supreme Court's denial of that branch of the defendants' motion which was for summary judgment dismissing the sixth cause of action.
Although the defendants made a prima facie showing of entitlement to judgment as a matter of law dismissing so much of the seventh cause of action as sought to hold Theodore S. Malgarinos individually liable, the plaintiff raised a triable issue of fact in opposition (see Zuckerman v City of New York, 49 NY2d 557, 562). Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendant's motion.
We disagree, however, with the Supreme Court as to its denial of that branch of the defendants' motion which was for summary judgment dismissing the plaintiff's demand for punitive damages. Upon the defendants' prima facie showing of its entitlement to judgment as a matter of law on that demand, the plaintiff failed to raise a triable issue of fact in opposition. Specifically, the plaintiff failed to raise a triable issue of fact as to whether the defendants' alleged conduct was so gross, wanton, or willful, or of such high moral culpability as to warrant an award of punitive damages (see Outside Connection, Inc. v DiGennaro, 18 AD3d 634, 634; see generally Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 613). Accordingly, the court should have awarded summary judgment to the defendants dismissing the demand for punitive damages (see Outside Connection, Inc. v DiGennaro, 18 AD3d at 634).
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court